UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANA HARSHMAN,

                Plaintiff,

v.                                             Case No. 5:04-cv-480-Oc-10GRJ

GLENDA HOOD, Florida Secretary of State,
NANCY ARGENZIANO, Senator, District 3,
and DENNIS BAXLEY, State Representative,
District 24,

                Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

Pursuant to the provisions of 28 U.S.C. §1915(e)(2), this matter comes before the Court for its review of *pro se* Plaintiff's amended complaint to determine whether it should be dismissed.[2] The Court has reviewed the amended complaint and several other filings in this matter and determines that Plaintiff's amended complaint (Doc. 9) is due to be **DISMISSED with prejudice** because it fails to state a claim upon which relief can be granted and because the action is frivolous.

## **I. BACKGROUND**

*Pro Se* Plaintiff, a persistent litigant who has appeared before this Court on a number of prior occasions, filed his latest complaint against the above-named

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] 28 U.S.C. § 1915(e)(2) provides, in part, that a court "shall dismiss [a] case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Defendants on November 1, 2004. (Doc. 1.)[3] Because it was virtually impossible to decipher various portions of the original complaint, on December 22, 2004, the Court entered an Order dismissing the matter without prejudice to Plaintiff's right to file an amended complaint within twenty (20) days of the issuance of the Order. (Doc. 5.) Plaintiff was advised that his failure to file an amended complaint which cured the deficiencies[4] of the original complaint within the twenty (20) day time frame would result in a recommendation that this cause be dismissed with prejudice.

On January 10, 2005, Plaintiff filed a "statement of case and fact- (essential elements of the claim) ammended [*sic*] brief-leave of court." (Doc. 9.) Based on this "statement," which the Court construes as his amended complaint, and in view of other papers filed by Plaintiff,[5] it appears that he brings suit against Defendants for their alleged violations of a myriad of state voting laws and his rights of political association under the First Amendment of the United States Constitution. The rambling recitations, construed in a light most favorable to Plaintiff, suggest that the named Defendants - each of whom is an elected Florida official - committed a series of unidentified actions which either prevented Plaintiff's name from appearing on a ballot for state legislator in

---

[3] Plaintiff appeared *pro se* in Harshman v. Seven Rivers, Case No. 5:02-cv-00099-WTH-GRJ in 1992 and in Harshman v. Seven Rivers, Case No. 5:03-cv-215-WTH-GRJ in 1993. Both cases were dismissed.

[4] As explained in the Court's December 22, 2004 Order, the original complaint: (1) was "the quintessential shotgun pleading;" (2) was almost entirely unintelligible; (3) failed to establish a single claim with a basis in fact and in law; and (4) fell far short of the requirements of F. R. Civ. P. 8(a).

[5] In order to grasp meaning from Plaintiff's "statement," the Court has also reviewed the voluminous exhibits Plaintiff submitted with his original complaint (Doc. 2), along with various "supplemental" filings. (*See* Docs. 12 & 14.) The exhibits, which include copies of random checks, e-mail messages concerning work opportunities for pharmacists, and a postcard, have left the Court at a loss as to the significance of such exhibits to Plaintiff's unintelligible accusations.

the 2004 election or prevented him from voting during the course of the election. For these alleged transgressions, Plaintiff requests a three-judge panel to review his case pursuant to 28 U.S.C. §2284(a), but fails to request any form of relief.

The docket reveals that Plaintiff has payed the filing fee in this matter and Defendants have not yet made an appearance. Nevertheless, in light of the perplexing amended complaint, Plaintiff's request for a three-judge panel, and his curious motions "to organize the administrative file" (Docs. 11 & 15), the Court recognizes the need to intervene in this matter in an effort to maintain its docket.

## II. DISCUSSION

When an application for a three-judge court is addressed to a district court pursuant to 28 U.S.C. §2284(a),[6] the court must determine whether the complaint raises a substantial constitutional question, whether it at least formally alleges a basis for equitable relief, and whether the case itself otherwise meets the requirements of the statute.[7]

Here, Plaintiff's amended complaint fails at the first step of the tripartite inquiry; that is, it fails to raise a substantial constitutional question. The convening of a three-judge court under the relevant statute is only required once it becomes clear that there exists a non-frivolous constitutional challenge to the apportionment of a statewide

---

[6] The statute provides, in pertinent part, that "[a] district court of three judges shall be convened when otherwise required by Act of Congress or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."

[7] See Idlewild Bon Voyage Liquor Corporation v. Epstein et al., 370 U.S. 713, 715 (1962); Wetherington v. Adams, 406 F. 2d 724, , 725 (5th Cir. 1969). Decisions of the former 5th Circuit handed down on or before September 30, 1981 are binding as precedent on the 11th Circuit. Bonner v. Prichard, 661 F. 2d 1206 (11th Cir. 1981).

legislative body.[8] The Court is unable to detect any hint of a challenge to the issue of apportionment. Rather, the amended complaint only challenges some unidentified action(s) taken by Defendants in either keeping Plaintiff's name off of a ballot or preventing him from voting in the 2004 election. This, of course, is not an issue of apportionment. Indeed, as two of the named Defendants were candidates in the last election, Plaintiff offers no suggestion as to how they may have been involved in apportionment in the first place.

Furthermore, even if the amended complaint could be read as an apportionment challenge, convening the panel would still be inappropriate because Plaintiff's purported constitutional claims against Defendants are wholly and utterly unsubstantiated.[9] Indeed, they lack any foundation even taking all of the amended complaint's "statements of fact"[10] as true. Plaintiff's groundless accusations and foregone conclusions that Defendants have violated his constitutional rights are simply insufficient to satisfy this threshold inquiry.[11] Accordingly, the Court's consideration of whether this matter should be submitted to a three-judge panel need not proceed any further.[12]

---

[8] Armour v. State of Ohio, 925 F. 2d 987, 989 (6th Cir. 1991).

[9] *Id*. "A claim is unsubstantiated only when it is obviously without merit or clearly determined by case law."

[10] The Court uses this term loosely in this instance, as it is almost impossible to parse out Plaintiff's factual allegations from his legal argument.

[11] *See* Simkins v. Gressette, 631 F. 2d 287, 295 (4th Cir. 1980)("[b]are conclusions of unconstitutionality are not enough.") *See Also* Jones v. Hare, 440 F. 2d 685 (6th Cir. 1971) *cert. denied*, 404 U.S. 911 (1971).

[12] Christian v. United States, 235 F. Supp 382, 384 (S. D. Fla. 1964)("Title 28 U.S.C. §2284 was intended to regulate procedure after a court of three judges was constituted and was not intended to abrogate the rule that the Judge before whom the action was brought may dismiss the action if the Complaint does not state a case ...[.]") *Citing* Eastern States Petroleum Corp. v. Rogers, 280 F. 2d 611

(continued...)

Coupled with the Court's analysis of Plaintiff's request for a three-judge panel, and consistent with its inherent power and *duty* to maintain its docket,[13] the Court has determined that Plaintiff's amended complaint is due to be dismissed with prejudice because it represents the quintessential shotgun pleading, and, furthermore, is almost entirely unintelligible. Given such a pleading, Defendants would be hard-pressed to formulate a thoughtful and meaningful response, and the Court would consequently be left to guess what the genuine issues of the case may be. This, of course, would amount to an unnecessary waste of judicial resources which are already strained.

The Eleventh Circuit has consistently condemned the type of pleading which is now before the Court.[14] It is replete with irrelevant and unsupported factual allegations

---

[12](...continued)
(C.A.D.C. 1960) *cert. denied* 364 U.S. 891.

[13] *See* Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc., 162 F. 3d 1290, 1333 (11th Cir. 1998)("We recognize the time pressures that the federal district courts face because of crowded dockets; it is much easier in the short term to permit shotgun pleadings--in the hope that the parties will settle their dispute--instead of intervening *sua sponte* to narrow the issues. In the long term, however, the judicial work that results from shotgun pleading is far more time consuming than the work required up front to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined. As we have previously stated, and state once again, *district courts have the power and the duty to define the issues at the earliest stages of litigation.*")(emphasis added).

[14] See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1128-34 (11th Cir.2001) ("Shotgun pleadings ... impede[... ] the due administration of justice and, in a very real sense, amount[... ] to obstruction of justice.") (*internal citation omitted*); Magluta v. Samples, 256 F.3d 1282, 1284- 85 (11th Cir.2001) (*per curiam*) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [this court has] condemned repeatedly, beginning at least as early as 1991" because "[i]t is in no sense the 'short and plain statement of the claim' required by Rule 8"); Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll., 77 F.3d 364, 366 (11th Cir.1996) ("[Plaintiff's] complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.")(*internal citation omitted*); Pelletier v. Zweifel, 921 F.2d 1465, (11th Cir.1991) (describing "quintessential shotgun pleadings" complete with "rambling recitations" and "factual allegations that could not possibly be material" that force the "district court [to] sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted").

The aggregate negative effects of shotgun pleadings on trial courts have been noted with great concern by the 11th Circuit. *See, e.g.*, Byrne, 261 F.3d at 1131 ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard."); Cramer v. Florida, 117 F.3d
(continued...)

and legal conclusions, and is also plagued by incomprehensible and truly puzzling statements. The Court is forced to sift through various irrelevancies and myriad word puzzles to distill what it is exactly that Plaintiff intends to place before the Court for resolution - an onerous task which the Court is unable and unwilling to perform in this or any other instance. As Plaintiff has had an opportunity to amend, and was advised that his failure to cure the deficiencies of his original complaint would result in the recommendation that this cause be dismissed, the Court concludes that dismissal with prejudice is appropriate at this juncture.

Although a complaint submitted by a *pro se* plaintiff should be held to a less stringent standard from that submitted by an attorney, and should be construed as alleging all fairly and reasonably inferred claims, a *pro se* litigant must allege the essential elements of the claims for relief, and vague and conclusory allegations are insufficient to state a claim.[15] As discussed above, it appears that Plaintiff alleges that Defendants prevented his name from appearing on an electoral ballot and/or prevented him from voting. However, there are no facts provided by Plaintiff that support these allegations - he only offers the Court a list of conclusions. Plaintiff fails to identify which of the Defendant(s) took what action(s) which caused specific violations of Plaintiff's rights under Florida law and/or the federal constitution.

---

[14](...continued) 1258, 1263 (11th Cir.1997) (noting that "[s]hotgun pleadings ... exact an intolerable toll on the trial court's docket"); Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir.1997) (*per curiam*) ("[S]hotgun notice pleadings ... impede the orderly, efficient, and economic disposition of disputes."); Anderson, 77 F.3d at 367 (noting the "cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses" that judges face in connection with shotgun pleading).

[15] *See* Tigner v. Internal Revenue Service, 2000 WL 641614 at *1 (N.D. Ga. 2000). *Citing* Haines v. Kerner, U.S. 519, 520 (1972) *and* Harris v. Evans, 20 F.3d 1118 (11th Cir.1994).

Furthermore, *pro se* plaintiffs such as Mr. Harshman are expected to at least abide by the minimal pleading standards set forth by F. R. Civ. P. 8(a). The rule requires that a complaint provides (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the litigant is entitled to relief; and (3) a demand for judgment for the relief sought.[16] Plaintiff's amended complaint simply does not comply with Rule 8(a).

Therefore, as 28 U.S.C. 1915(e)(2) provides that the court *shall* dismiss a case at any time it determines that an action is frivolous or fails to state a claim upon which relief may be granted, and as the Court *sua sponte* may dismiss a complaint that lacks an arguable basis in law or in fact,[17] the Court determines that Plaintiff's amended complaint is due to be dismissed with prejudice in this case because it: (1) lacks a basis in fact or in law; (2) fails to allege essential elements of the claims for relief; and (3) represents a shotgun pleading to which Defendants would be unable to thoughtfully respond.

---

[16] Curiously, Plaintiff's Complaint offers no request for relief whatsoever, whether legal or equitable. In amending, Plaintiff should note that when government officials make decisions that do not knowingly violate Plaintiff's clearly established statutory or constitutional rights, they are not required to defend themselves in a lawsuit seeking damages, pursuant to the doctrine of qualified immunity. *See* Ray v. E.J. Foltz, 370 F. 3d 1079, 1081-1082 (11th Cir. 2004).

[17] *See* May v. Hatter, 2001 WL 579782 (S.D. Fla. 2001) *Citing* Neitzke v. Williams, 490 U.S. 319, 325 (1989).

### III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint (Doc. 9) be **DISMISSED with prejudice** and the Clerk be directed to close the file and terminate all other pending motions in this matter.

**IN CHAMBERS** in Ocala, Florida, on this 22nd day of April, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
    The Honorable Wm. Terrell Hodges
    Senior United States District Judge

    *Pro se* Plaintiff